AMCAL MULTI–HOUSING, INC., a California Corporation; AMCAL General Contractors, Inc., a California Corporation; AMCAL Diversified Corp; a California Corporation; AMCAL Enterprises, Inc., a California Corporation; Avenue 26 Condominiums, LLC, a California Limited Liability Company; Camino Al Oro Fund, L.P., a California Limited Partnership; AMCAL Tesoro Del Valle Fund, L.P., a California Limited Partnership

v.

PACIFIC CLAY PRODUCTS,
a California corporation.

No. EDCV 06–00280–SGL (OPx).

United States District Court,
C.D. California.

Sept. 24, 2007.

Stacey Lenore Herter, Esq., for Plaintiffs.

Charles D. Jarrell, Esq., Los Angeles, CA, for Defendants.

## ORDER GRANTING MOTION FOR RECONSIDERATION.

STEPHEN G. LARSON, District Judge.

Presently before the Court is plaintiffs' motion for the Court to reconsider its October 10, 2006, Order in light of the United States Supreme Court's recent decision in *United States v. Atlantic Research Corp.,* — U.S. ——, 127 S.Ct. 2331, 168 L.Ed.2d 28 (2007), so that plaintiffs (some of whom may be considered potentially responsible parties ("PRP") under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")) may proceed with their existing section 107(a) cost recovery action against defendant without having to additionally establish a statutory defense to PRP designation status.

In the October 10, 2006, Order the Court held that, given binding Ninth Circuit case law, plaintiffs, some (if not all) of whom admittedly were PRPs, could not assert a section 107 claim (be it as a free standing implied contribution claim or a cost recovery action) against defendant absent a showing that they fell within one of the statutorily defined defenses to PRP designation status. *See AMCAL Multi–Housing, Inc. v. Pacific Clay Products,* 457 F.Supp.2d 1016, 1029 (C.D.Cal.2006). In reaching this conclusion the Court observed that the then most recent pronouncement from the Supreme Court, *Cooper Industries, Inc. v. Aviall Servs., Inc.,* 543 U.S. 157, 125 S.Ct. 577, 160 L.Ed.2d 548 (2004), contained language that "strongly suggested" that the Ninth Circuit's case law directing PRPs away from the claim procedures in section 107 to those contained in section 113(f) was "invalid." *Id.* at 1027. The Court further noted that two other federal appellate courts had issued decisions post-Cooper Industries that found their prior case law (which was similar to that of the Ninth Circuit) as "no longer making sense" given the language in *Cooper Industries, Id.* (citing *Consolidated Edison Co. of New York, Inc. v. UGI Utilities, Inc.,* 423 F.3d 90 (2nd Cir.2005) and *Atlantic Research Corp. v. United States,* 459 F.3d 827 (8th Cir.2006)). Despite this, the Court found it more prudent to let the Ninth Circuit, rather than this Court, decide whether to change, alter, or otherwise overrule its own precedent in light of the Supreme Court's opinion in *Cooper Industries. Id.*

Plaintiffs subsequently filed an amended complaint containing additional allegations which purportedly demonstrated that those entities who were subject to PRP status (the so-called "Owner Plaintiffs") were entitled to the "bona fide purchaser" defense.

In *United States v. Atlantic Research Corp.,* — U.S. ——, 127 S.Ct. 2331, 168 L.Ed.2d 28 (2007), the United States Supreme Court made clear what was strongly suggested in its prior opinion in *Cooper Industries:* A PRP may bring a cost recovery action under § 107(a)(4)(B) against other PRPs. *Id.* at 2339 ("the plain terms of § 107(a)(4)(B) allow a PRP to recover costs from other PRPs" subject to those PRPs so sued being themselves able to

bring a contribution claim against other responsible parties under section 113(f)). The Supreme Court; however, expressly left unaddressed the separate question (although it strongly suggested the question be answered in the negative, citing, among other things, prior Supreme Court case law reluctant to recognize implied causes of action) of whether " § 107(a) contains an additional implied right to contribution for PRPs who are not eligible for relief under § 113(f)." *Id.* at n. 8; *see also id.* at 2338 (delineating how allowing a PRP to bring a cost recovery action still maintained a salient distinction between sections 107 and 113, and also did not create "the choice of remedies" problem, circumstances that certainly would be called into doubt if a PRP was given the election of choosing between an implied contribution claim under section 107(a) and one under section 133(f)).

Here, it is quite clear that plaintiffs are seeking to bring a cost recovery action, as opposed to an implied contribution claim, against defendant. The allegations in the first cause of action, itself labeled "Costs of Response under CERCLA," track those found in section 107(a)(4)(B). (*Compare* Compl. ¶ 35; First Am. Compl. ¶ 41 ("All response costs incurred, or that will be incurred, by Plaintiffs in response to the conditions caused by the release or threatened release of hazardous substances at, by or from the Facility are, have been, and/or will be necessary and consistent with the National Contingency Plan") *with* 42 U.S.C. § 9607(a)(4)(B) ("any other necessary costs of response incurred by any other person consistent with the national contingency plan")). Indeed, in the general allegations set forth in the first amended complaint, plaintiffs aver that they "are not barred from bringing a cost recovery action under CERCLA § 107(a)." (First Am. Compl. ¶¶ 18, 19). Furthermore, plaintiffs' original and amended complaint also alleged that the relevant statute of limitations for pursuing their CERCLA claim was the more generous six-year period the statute allows for an "action for recovery of the costs referred to in section 107." 42 U.S.C. 9613(g)(2).

Defendant makes two arguments in response: (1) The Court should defer ruling until the Ninth Circuit has had a chance to interpret the meaning of its prior decisions, notably, *Pinal Creek Group v. Newmont Mining Corp.*, 118 F.3d 1298 (9th Cir.1997), in light of the Supreme Court's decision in *Atlantic Research*; and (2) rather than granting the motion for reconsideration, the Court should require plaintiffs to file a second amended complaint. Neither argument is persuasive.

The Supreme Court has spoken clearly and unequivocally on the point advanced by plaintiffs—PRPs are allowed to bring a cost recovery action under section 107(a)(4)(B) irrespective of whether a statutorily defined defense to PRP designation status applies. The only issue left outstanding after the decision in *Atlantic Research* is whether PRPs can also bring an implied contribution claim under section 107(a). It is only on that point that the Ninth Circuit has anything left before it to construe its prior case law in light of *Atlantic Research*. Insofar as the Ninth Circuit's prior case law precluded PRPs from bringing a section 107(a)(4)(B) cost recovery action against other PRPs that has now been overruled by the Supreme Court. Given this fact, there is no reason for the Court to defer ruling on plaintiffs' motion until after the Ninth Circuit resolves certain cases that are now on appeal before it. Nothing in the Ninth Circuit's decision will "dictate the outcome of the

pending case"; the Supreme Court's decision in *Atlantic Research* already dictates the outcome.

Nor does granting the present motion require the filing of an amended complaint "setting forth all theories that will be tried [and affording defendant] an opportunity to respond." (Opp. at 5). Plaintiffs original and amended complaint already asserts a cost recovery action against defendant under section 107(a)(4)(B). Insofar as plaintiffs' amended complaint contained allegations that also sought to invoke certain statutorily defined defenses to PRP designation status, or sought to avoid qualifying as a PRP in the first instance (*see e.g.*, First Am. Compl. ¶¶ 18(a)-(i), 19(a)-(d)), those allegations are no longer relevant to them establishing a claim against defendant. All that remains pertinent are the allegations in the amended complaint purportedly demonstrating that plaintiffs have met the elements for a cost recovery action under section 107(a)(4)(B).

Accordingly, the motion for reconsideration is **GRANTED** and plaintiffs are allowed to proceed with a cost recovery action under section 107(a)(4)(B) without the need to further prove the applicability of any statutorily defined defenses to PRP designation status.

**IT IS SO ORDERED.**